BANK OF ROSEBORO v. G. H. WATSON AND G. W. FLEMING.

(Filed 4 October, 1922.)

**Principal and Agent—Statute of Frauds—Deeds and Conveyances—Purchase Price—Money Advanced Agent.**

Where the agent, acting under verbal authority from his principal, purchases certain timber for the latter, and under his principal's instructions draws on him through the bank for the purchase price and commission, and under like authority the bank has cashed the draft, the question as to whether the statute of frauds requires that the principal execute a sufficient writing in order to be bound for the purchase of the timber, has no application, and the bank may recover from the principal the amount of the draft as money it had advanced him for the purchase of the timber, and which it has paid the agent upon the principal's verbal authority.

APPEAL by defendant Fleming from *Lyon, J.,* at March Term, 1922, of SAMPSON.

This action was brought by the Bank of Roseboro against the defendants to recover $3,250 advanced by said bank for the benefit of the defendant Fleming to aid him to purchase certain timber from D. A. Butler and S. J. Andrews; the advancement of said funds having been made at the instance of the defendant Watson as agent of the defendant Fleming, and upon a draft drawn by said Watson on Fleming by the latter's authority, and cashed by the plaintiff bank. The plaintiff in its complaint alleged liability to it on the part of both the principal and the agent for the amount so advanced, but the jury found that Watson was the agent of Fleming in securing this advancement, and was not liable to the plaintiff; that Fleming alone was liable, and judgment accordingly. Appeal by Fleming.

*Faircloth & Fisher for plaintiff.*
*Butler & Herring for Fleming.*

CLARK, C. J. This action is not upon the draft nor for the recovery of the purchase price of the timber as contended by the defendant Fleming, but is for the recovery of money advanced him for the purchase of the timber at the instance of his agent, Watson.

The defendant Fleming pleads the statute of frauds, and rests his defense upon the contention that he is not liable because, as he alleges, the subject of the action is realty, and that he is sued for the purchase money, not having signed any memorandum in writing making him liable for such purchase.

This is a misconception of the controversy. Though the amount the plaintiff is asking for is the same which Fleming was to pay for certain timber ($3,250), and $250 of this was to go to his agent, Watson, Fleming's liability arises from the advancement of the $3,250 by the bank, at the instance of Watson, who represented to the bank, as the jury finds, "that he was acting as the agent for Fleming at the time of making the deed and drawing the draft."

The evidence is that Watson asked Fleming to make sufficient advancement of funds to enable him to procure a deed from Butler and Andrews, and Fleming directed Watson to go to the plaintiff bank and ask it to advance the $3,250, out of which to pay $3,000 for the timber and to pay Watson $250 for his services, and to say to the bank that he, Fleming, would honor a draft for the $3,250 drawn on him with deeds attached, through his local bank.

The deed for the timber was executed by Butler and Andrews to Watson, then from Watson and wife to Fleming, and both deeds were

attached to the draft as directed by Fleming, but when the draft reached Fleming's bank the price of timber had dropped, and he refused payment of the draft, and without reimbursement to the plaintiff for its outlay and trouble.

The statute of frauds has no application. It is simply the case where the money with which the timber has been paid for was advanced by the bank upon a draft on Fleming, drawn by Watson upon Fleming's authority. The jury having found the agency, there can be no question as to the liability of the principal at whose request, and at whose instance, the draft was drawn. We find

No error.